# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LONNIE A. REED**                                                       **PETITIONER**

V.                   **CASE NO. 4:22CV00816 DPM-JJV**

**DEXTER PAYNE, Director,**
  **Arkansas Division of Correction**                                     **RESPONDENT**

## RESPONSE TO AMENDED PETITION
## FOR WRIT OF HABEAS CORPUS

The respondent, Dexter Payne, Director, Arkansas Division of Correction, by and through counsel, Leslie Rutledge, Attorney General, and Clayton P. Orr, Assistant Attorney General, for his response, states as follows:

I.

## PROCEDURAL HISTORY

A.     Trial and Conviction

On September 11, 2018, a Pulaski County, Arkansas jury found the Petitioner, Mr. Lonnie Reed, guilty of two counts of aggravated robbery and one count of theft of property for robbing a Little Rock pharmacy on July 6, 2016. With a firearms enhancement, the jury sentenced him to a cumulative term of fifty-five (55) years in the Arkansas Division of Correction. *Reed v. State*, 2020 Ark App. 49, at 9, 595 S.W.3d 391, 396 (*Reed I*). An excerpt of the relevant portions of

the trial court record is attached as **Exhibit A**[1]. Most relevant to this petition, during the trial, the Petitioner moved for a directed verdict, arguing that the evidence was insufficient to connect a fingerprint collected at the scene with the robbery, and renewed the same motion at the conclusion of all the evidence. (Exhibit A at 172-182, 231) The trial court denied the directed-verdict motions. (Exhibit A at 181-182, 231-232)

      B.    Direct Appeal

Nevertheless, on direct appeal, the Petitioner abandoned his argument as to the insufficiency of the evidence and, instead, appealed the trial court's decision not to instruct the jury as to the approximate driving distance between a tire store location, where he claimed that he was at the time of the robbery, and the pharmacy. *Reed I*, 2020 Ark. App. 49, at 2-3, 595 S.W.3d at 392-93. In a decision issued on January 29, 2020, the Arkansas Court of Appeals affirmed the Petitioner's convictions. The Petitioner's brief in that case, the State's brief, the opinion of the Arkansas Court of Appeals, and the mandate are attached as **Exhibits C-1 - C-4**.

---

[1] To ensure that references to the excerpted portions of the state trial court record are clear, Respondent has added sequential page numbers at the bottom center of the record beginning with A-1. This response cites those page numbers without using the "A-" prefix.

    C.      Rule 37 Petition

On March 26, 2020, the Petitioner filed a *pro se* petition under Ark. R. Crim. P. 37.1, arguing that his trial counsel was ineffective on several grounds, that his appellate counsel was ineffective for failing to raise the grounds of insufficient evidence, ineffective assistance of trial counsel, and prosecutorial misconduct, and that no evidence supported his conviction. A copy of the trial court record in his Rule 37.1 petition is attached to this response as **Exhibit B**[2]. The trial court denied the petition on November 13, 2020. (Exhibit B, at 64-68)

    D.      Writ of Mandamus

While the Rule 37.1 petition was pending, the Petitioner filed for a writ of mandamus to compel the trial court to make a ruling. Mandamus was denied as moot on February 11, 2021, after the trial court made its ruling. A copy of the petition for a writ of mandamus, the State's response, and the Supreme Court of Arkansas's order are included as **Exhibits D-1 - D-3**.

    E.      Rule 37 Appeal

---

[2] To ensure that the post-conviction record has sequential page numbers, the Respondent has added page numbers at the bottom center of the record beginning with B-1. This response cites those page numbers without the "B-" prefix.

The Petitioner appealed the trial court's denial of postconviction relief, arguing that the trial court erred in denying his Rule 37.1 petition because there was no evidence to support his conviction and because his appellate counsel was ineffective for failing to raise his insufficiency-of-the-evidence claims. *Reed v. State*, 2021 Ark. App. 371, at 5-7 (*Reed II*). In its opinion, issued on October 6, 2021, the Arkansas Court of Appeals ruled that the Petitioner failed to show that, applying *Strickland v. Washington*, 466 U.S. 668 (1984) and *Jackson v. Virginia*, 443 U.S. 307 (1979), he was entitled to postconviction relief because substantial evidence supported the verdict. *Reed II*, 2021 Ark. App. 371, at 7-12. The Supreme Court of Arkansas denied review on March 31, 2022. Copies of the Petitioner's Rule 37.1 appellate brief, the State's brief, the Arkansas Court of Appeals opinion in that case, its mandate, and the Supreme Court of Arkansas's order denying review are included as **Exhibit E-1 - E-5.**

On November 7, 2022, the Petitioner requested leave to file an amended petition. (DN #7). This Court granted leave on November 9, 2022 (DN #8), and the amended petition (DN #9) was filed on the same day.

II.

**<u>CURRENT PETITION</u>**

In his amended petition (DN #9), the Petitioner, through counsel, raises two claims for habeas relief. First, he argues that appellate counsel was ineffective for

failing to raise the insufficiency-of-the-evidence claim on direct appeal. Amended Pet. at 5-12. Additionally, he argues that the evidence supporting his conviction was constitutionally insufficient under *Jackson v. Virginia*. Amended Pet. at 13. The Respondent admits that the Petitioner is in custody. The Respondent denies, however, that the Petitioner is entitled to habeas relief.

III.

**DISCUSSION**

A. **Claim One – The Arkansas Court of Appeals's holding, that appellate counsel was not ineffective for failing to raise a sufficiency-of-the-evidence claim, was not an unreasonable application of *Strickland***

When a state court has adjudicated a claim on the merits, a writ of habeas corpus "shall not be granted" with respect to that claim unless its adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. §2254(d)(1), (2).

The phrases "contrary to" and "unreasonable application" have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (O'Connor, J., concurring). A state court's decision is "contrary to" clearly established federal law when it arrives at an opposite conclusion of law than the Supreme Court of the

5

United States or it reaches a result opposite to that of the Supreme Court in a case involving materially indistinguishable facts. *Id*. at 405-06. A state court's decision involves an "unreasonable application" of the law where the court identifies the correct legal rule governing the claim at issue but unreasonably applies it to the facts of the case, or where the court unreasonably extends or refuses to extend the governing rule to a new context. *Id*. at 407. Specifically, a state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, in order for deference to be withheld. *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law) (internal quotation omitted). This standard is "difficult to meet," *Richter*, 562 U.S. at 102, and is "highly deferential," demanding that "the state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

In this case, the claim presented by the Petitioner turns on whether his appellate counsel should have pursued a sufficiency-of-the-evidence claim on direct appeal. This claim was adjudicated on the merits by the Arkansas Court of Appeals in *Reed II*, 2021 Ark. App. 371, at 6-8, and it should be afforded deference.

"To prevail on a claim of ineffective assistance [the Petitioner] must show that counsel's performance was deficient and that it prejudiced his defense." *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). As applied to appellate counsel, the Petitioner must show "appellate counsel's failure to raise a claim was [not] an exercise of 'sound appellate strategy.'" *Collins*, 240 F.3d at 727. Reasonable appellate strategy requires an attorney to limit the appeal to those issues which he determines to have the highest likelihood of success. *E.g.*, *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir. 1996). To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal. *E.g., id*. Counsel is not deficient for failing to make a meritless objection or argument. *E.g.*, *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam).

Reed's amended petition (Amend. Pet. at 7), and the decision of the Arkansas Court of Appeals in *Reed II*, hinge on the prejudice prong of the *Strickland* analysis. *Reed II*, 2021 Ark. App. 371, at 8. Nonetheless, the Respondent does not accept the Petitioner's contention that the judicial-notice issue originally raised in *Reed I* was somehow a less meritorious or likely to succeed. The Arkansas Court of Appeals, in *Reed I*, recognized that the issue—whether the trial court should have taken judicial notice of the drive time between

7

the crime scene and another location—was one of first impression and that the law was "far from settled" in state or federal law. *Reed I*, 2020 Ark. App. 49, at 5-7, 595 S.W.3d at 394-95. Indeed, given the controversial nature of the trial court's decision, it was certainly within the sound discretion of seasoned appellate counsel to focus on that rather than on a sufficiency argument that had no chance of success. *E.g.*, *Rodriguez v. United States*, 17 F.3d at 226. Further, the Rule 37.1 record clearly demonstrates that appellate counsel Clint Miller, whose practice was dedicated to criminal appeals, considered and rejected the arguments put forward by the Petitioner. Exhibit B, at 55.

The Petitioner was also not prejudiced by the decision. For a challenge to the sufficiency of the evidence to have had merit, it needed to meet the standard described by the Supreme Court, i.e., whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319 (1979). This is the standard that was applied by the Arkansas Court of Appeals in *Reed II,* 2021 Ark. App. 371, at 6-8, when it found that substantial evidence supported the verdict.

Although the evidence in this case was, as the Arkansas Court of Appeals noted, circumstantial, it was not as flimsy as the Petitioner has characterized it. *Reed II*, 2021 Ark. App. 371, at 8. The Petitioner's fingerprint was found on a

green basket that was used during the commission of the robbery. (Exhibit A at 48-53). Not only did a fingerprint analysis reveal the fingerprint to belong to the Petitioner (Exhibit A at 149), but two witnesses, Kent Vincent, a pharmacist at the ExpressRx pharmacy where the robbery occurred, and Katelyn Calloway, a pharmacy intern at the same location, witnessed the armed robber handle a green basket before leaving. (Exhibit A at 48, 82-83). Both witnesses also testified that the green baskets were never handled by customers. (Exhibit A at 40-42, 86).

Regarding the identification of the Petitioner, a video[3] was entered into evidence at trial on which a white male, who substantially matches the Petitioner in appearance, robs the pharmacy and handles the green baskets in question. *Reed II*, 2021 Ark. App. 371, at 11. Dr. Vincent had never seen the Petitioner before and, as noted, testified that the basket was not accessible to anyone outside the pharmacy. His testimony thus credibly and directly contradicted the Petitioner's defense that he could have put a fingerprint on a basket that, but for the robbery, was not accessible to anyone but pharmacy staff. *Id*. Finally, the fingerprint analyst who testified for the State considered it likely that friction on the pharmacy counter would have likely wiped away any fingerprints, eliminating the speculative notion

---

[3] The surveillance video viewed by the jury is part of the trial court record. (Exhibit A at 286.) The video will be submitted to the Court with a notice of filing in short order. It is listed on the index of exhibits as **Exhibit F-1 - F-3.**

9

put forward by the Petitioner that he could have left the fingerprints two years prior, when Dr. Vincent bought the green basket from a store. (Exhibit A at 155). *Reed II*, 2021 Ark. App. 371, at 11.

On these facts, the cases cited by the Petitioner in support of his argument that the fingerprints are insufficient evidence are inapplicable. In *Mikes v. Borg*, 947 F.2d 353, 355-58 (9th Cir. 1991), the State's case relied entirely upon fingerprints at the scene, and there was no evidence to show how or when they came to be there. On the contrary, in this instance, a video of the crime showed an individual matching the Petitioner's description handling the very item on which Petitioner's prints were found, and witnesses testified that the item was inaccessible to anyone other than pharmacy staff. (Exhibit A at 40-42, 86, 286). In *Mikes*, moreover, the fingerprints at issue could have been left on the scene of the crime in a way unrelated to the crime. *Mikes*, 947 F.2d at 360. Witnesses, however, testified the Petitioner used the green basket, on which his prints were discovered, to commit the crime. (Exhibit A at 47, 81)

In *United States v. Strayhorn*, 743 F.3d 917, 924 (4th Cir. 2014), the Fourth Circuit specifically warned that fingerprint evidence was questionable when there was "no evidence of when it was imprinted." That is not the case here, when there is video and eyewitness evidence of the fingerprint's being imprinted on a green basket at the time of the crime. In any event, that federal case was not subject to

10

the higher level of deference afforded to state courts in 28 U.S.C. § 2254(d)(2). The petitioner's reliance on the factual background, rather than the holding, of *Monzo v. Edwards*, 281 F.3d 568, 573 (6th Cir. 2002) and on *Turner v. State*, 103 Ark. App. 248, 249-50, 288 S.W.3d 669, 671, an inapplicable state case, is likewise unavailing.

In sum, the Arkansas Court of Appeals applied the correct standard in determining whether an insufficiency-of-the-evidence claim had merit and correctly and reasonably applied that rationale to the Petitioner's claim of ineffective assistance. Habeas relief should be denied on this claim.

    **B.**    **Claim Two – The Petitioner's insufficiency-of-the-evidence Claims are procedurally barred and meritless.**

For the reasons stated above, the petitioner's claim regarding the insufficiency of the evidence under *Jackson v. Virginia* are meritless. Nonetheless, the claim is also procedurally defaulted. Before a claim for relief can be made in a federal habeas petition, "both the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review." *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997). Federal habeas relief is not available to resolve procedurally defaulted claims, which are "contentions of federal law which were not resolved on the merits in the state proceeding due to [a federal habeas petitioner's] failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

This is because a federal habeas petitioner must show that he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal habeas statute. 28 U.S.C. § 2254(b)(1)(A). A claim that is procedurally defaulted is considered to rest upon an adequate and independent state ground and is thus insulated from federal habeas review. *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

If a petitioner has procedurally defaulted his claims, as the Petitioner has done here, a federal court cannot hear them absent a showing of cause and actual prejudice, or a showing of "actual innocence." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). To prove cause, the Petitioner must show that some external impediment prevented him from raising the claim below. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); e.g., *McCoy v. Norris*, 125 F.3d 1186, 1188 (8th Cir. 1997). The petitioner does not bring forward any new evidence alleging actual innocence. *See, e.g.*, *Nash v. Russell*, 807 F.3d 892, 899.

In the section of his petition dedicated to his second claim (Amended Pet. at 13), the Petitioner does not allege any reason why, despite having brought the matter to the attention of his counsel and to the Arkansas Court of Appeals *pro se,* he could not have raised his meritless insufficiency-of-the-evidence claim to the state courts on direct appeal. As such, his meritless claim is procedurally defaulted,

12

and he has provided no basis for overcoming the default. The claim should be denied.

WHEREFORE, the Respondent respectfully prays that the Court deny the petition for a writ of habeas corpus without a hearing pursuant to Rule 8(a) of the Rules Governing § 2254 cases in the United States District Court and deny a certificate of appealability pursuant to Rule 11.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

BY:  CLAYTON P. ORR
Arkansas Bar No.  2021167
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-3650 [phone]
(501) 682-2083 [fax]
clayton.orr@arkansasag.gov

**ATTORNEYS FOR RESPONDENT**