# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LONNIE REED**                                                                 **PETITIONER**

v.                                       No. 4:22-cv-816-DPM

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                          **RESPONDENT**

## ORDER

On *de novo* review, the Court adopts the recommendation, *Doc. 14*, and overrules Reed's objections, *Doc. 24*. Fed. R. Civ. P. 72(b)(3).

Reed's underlying criminal charge presented a close case on the facts. It is the jury's job to resolve such cases.

There was no deficiency in appellate counsel's argumentative choices. His decision not to include a sufficiency challenge in the appeal didn't fall below the objective standard of reasonableness. "Sufficiency of the evidence" arguments are hard to win. The appellate court views the evidence in the light most favorable to the state and considers only the evidence supporting the guilty verdict. *Armstrong v. State*, 2020 Ark. 309, at 5, 607 S.W.3d 491, 496. And, under Arkansas precedent, any challenge to the sufficiency of the evidence must be considered before any other argument for reversal. *Lukach v. State*, 310 Ark. 119, 122, 835 S.W.2d 852, 853 (1992). That sequence preserves the defendant's right against double jeopardy—if the evidence was

insufficient, he can't be re-tried. This potential benefit, though, comes at a practical cost. If the appellate court gets past a sufficiency challenge, which it usually does, later points for reversal can lose argumentative force because the whole record has already been marshaled in support of the jury's verdict. A narrow but potentially winning point can be weakened by its place in line. Here, counsel had to make that judgment call.

Finally, Magistrate Judge Volpe did not, insofar as I can see, make any legal error in applying the governing law.

Reed's amended petition will be dismissed with prejudice. The Court denies a certificate of appealability. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 September 2023